Any data shown here are current as of 06/10/06   . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Millenium 2000, Inc. v. New Mexico Golf Academy, LLC

**Case Number:** 04-01222

## Document Information

**Description:** Memorandum re: [1-1] Complaint NOS 459 Application For Removal .

**Received on:** 2006-01-23 10:52:47.000

**Date Filed:** 2006-01-23 00:00:00.000

**Date Entered On Docket:** 2006-01-23 00:00:00.000

## Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   NEW MEXICO GOLF ACADEMY, LLC,                    No. 11-05-04-15974 MA

   Debtor.
_____

MILLENNIUM 2000, INC.,

   Plaintiff,

v.                                                        Adversary No. 04-1222 M

NEW MEXICO GOLF ACADEMY, LLC,

   Defendant.

## MEMORANDUM

The Court held a trial on the merits of this adversary proceeding on January 12, 2006 and took the matter under advisement. Plaintiff Millennium 2000, Inc. ("M 2000") was represented by William J. Waggoner, and Defendant New Mexico Golf Academy, LLC ("NMGA") was represented by R. Thomas Dawe. This adversary proceeding was initiated by removal of a state court action commenced by M 2000 against NMGA in the Second Judicial District Court, State of New Mexico, County of Bernalillo as case no. CV-2003-06296, pending when NMGA filed its voluntary petition under Chapter 11 of the Bankruptcy Code on August 16, 2004.

M 2000's claim is for breach of contract and unjust enrichment based on an agreement between M 2000 and NMGA for the use of certain property for the purpose of hosting a rock concert over the Fourth of July holiday in 2003. Pursuant to the agreement, M 2000 paid NMGA a $50,000.00 deposit.

1

The rock concert did not occur. M 2000 asserts that the $50,000.00 deposit is refundable. NMGA claims that the $50,000.00 deposit is non-refundable.

After review of the testimony and exhibits admitted into evidence, and being otherwise sufficiently informed, the Court finds that under the terms of the only written agreement between the parties admitted into evidence, the $50,000.00 deposit is refundable and M 2000 is entitled to an unsecured claim against the bankruptcy estate of NMGA in the amount of $50,000.00. In reaching this determination, the Court FINDS:

1. On November 22, 2002, M 2000 and NMGA executed a letter agreement ("Agreement"). *See* Plaintiff's Exhibit 2.

2. NMGA drafted the Agreement.

3. The Agreement includes the following language:

> Consideration. In consideration of this Lease Commitment, M 2000 will perform the following:
>
> > A. On or before December 31, 2002, pay to NMGA the sum of $50,000.00 in collected funds. This sum will be a non-refundable payment.
> >
> > B. On or before December 31, 2002, pay to NMGA as a damage and cleaning deposit the sum of $5,000.00.

4. The Agreement also includes the following language:

> I trust this adequately outlines the commitment NMGA is making and the terms and conditions under which we have agreed to lease the premises. There are many points that probably need to be fine-tuned and subject to a final agreement which will also need to be approved by the City of Albuquerque. This commitment is subject to the approval by the City of Albuquerque as may be required under NMGA's lease with the City of Albuquerque, as well as a final sublease with complete terms and conditions agreed to by the parties to be executed on or before December 30, 2002. In the event a final lease has not been executed by December 2002 and/or the City of Albuquerque fails to

give its approval, if required, then this letter of commitment shall be terminated. In such event, any money previously paid to NMGA will be refunded.

5. M 2000 paid NMGA $50,000.00 pursuant to the Agreement. *See* Defendant's Exhibit B.

6. M 2000 and the City of Albuquerque entered into a License Agreement for the use of Balloon Fiesta Park by M 2000 for a rock concert over the Fourth of July holiday in 2003. *See* Defendant's Exhibit A.

7. Other than the Agreement (and the draft of the Agreement dated November 19, 2002 - Plaintiff's Exhibit 1) there is no other written agreement between M 2000 and NMGA for the lease of the property to M 2000 for the rock concert event scheduled for July 2003.

8. The rock concert did not occur.

9. NMGA did not refund the $50,000.00 deposit. The funds were deposited into NMGA's operating account, after payment to the City of Albuquerque of its percentage fee as required under the terms of NMGA's agreement with the City of Albuquerque. *Testimony of John Youngblood.*

10. NMGA did not lease the property to another entity until July 3, 2003, when it reached an agreement with the City of Albuquerque for the lease of the property for an event to be hosted by the City. *Testimony of John Youngblood.*

11. Within the bankruptcy context, state law governs property rights and contract disputes. *In re Ogden,* 314 F.3d 1190, 1197 (10th Cir. 2002) ("For purposes of most bankruptcy proceedings, '[p]roperty interests are created and defined by state law.'") (quoting *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)); *In re Schott,* 282 B.R. 1, 7 (10th Cir. BAP 2002) ("In construing and interpreting contracts, the court must look to state law.") (citing *Butner v.*

3

*United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). Under applicable New Mexico law, an ambiguity, or uncertainty contained in a contract must be construed strictly against the drafter. *See Montoya v. Villa Linda Mall, Ltd.,* 110 N.M. 128, 130, 793 P.2d 258, 260 (1990) ("[U]ncertainties are construed against the drafter.") (citation omitted); *Schultz & Lindsay Const. Co. v. State,* 83 N.M. 534, 536, 494 P.2d 612, 614 (1972) ("The applicable rule requires the construction of ambiguities and uncertainties in a contract most strongly against the party who drafted the contract.") (citations omitted). *See also Heye v. American Golf Corp., Inc.,* 134 N.M. 558, 562-563, 80 P.2d 495, 499-500 (Ct.App. 2003) (We construe ambiguities in a contract against the drafter to protect the rights of the party who did not draft it.") (citations omitted).

12. "A contract is ambiguous if separate sections appear to conflict with one another or when the language is reasonably and fairly susceptible of more than one meaning." *Heye v. American Golf,* 134 N.M. at 562, 80 P.2d at 499 (citation omitted).

13. The Agreement is internally inconsistent with regard to whether the $50,000.00 is non-refundable. Paragraph 3.A clearly states that the deposit is "a non-refundable payment" yet the closing paragraph provides that "[i]n the event a final lease has not been executed by December 30, 2002, **and/or** the City of Albuquerque fails to give its approval, the letter of commitment shall be terminated and **any** money previously paid to NMGA will be refunded." Agreement, p. 5 (emphasis added). The Agreement states on its face that it is a commitment, and is subject to execution of a final sublease with complete terms and conditions. No other written agreement between the parties for the lease of the property was executed after the November 19, 2002 Agreement. The Court, therefore, finds that no final lease between M 2000 and NMGA was executed as required under the terms of the Agreement.

4

In construing the Agreement against the NMGA as drafter of the Agreement, the Court consequently concludes that the $50,000.00 is refundable.

14. M 2000's complaint includes a request for pre-judgment interest at the rate of 8.75% per annum, costs and reasonable attorneys' fees. (*See* Docket #6 - certified copy of state court proceeding; Case No. CV-2003-6296). Under applicable New Mexico law, pre-judgment interest based on a claim for breach of contract is awarded as a matter of right when the amount owed is fixed or readily ascertainable. *Sunwest Bank of Albuquerque, N.A. v. Colucci,* 117 N.M. 373, 378, 872 P.2d 346, 351 (1994) ("[W]hen the amount owed is fixed or readily ascertainable, 'prejudgment interest [under Section 56-8-3] generally should be awarded absent peculiar circumstances' " as a matter of right.) (quoting *Ranch World of N.M., Inc. v. Berry Land & Cattle Co.*, 110 N.M. 402, 404, 796 P.2d 1098, 1100 (1990)). Under N.M.S.A. 1978 § 56-3-8 (Repl. Pamp. 1996), "the obligation to pay prejudgment interest 'arises by operation of law and constitutes an obligation to pay damages to compensate a claimant for the lost opportunity to use money owed the claimant and retained by the obligor between the time the claimant's claim accrues and the time of judgement (the loss of use and earning power of the claimant's funds).'" *State ex rel. Bob Davis Masonry, Inc. v. Safeco Ins.Co. of America,* 118 N.M. 558, 560-561, 883 P.2d 144, 146-147 (1994) (quoting *Sunwest Bank v. Colucci*, 117 N.M. at 377, 872 P.2d at 350). Here, although the amount owed is fixed at $50,000.00, there is no evidence that M 2000 gave NMGA written demand for the refund of its $50,000.00 deposit. Thus, while the Court concludes that M 2000 is entitled to pre-judgment interest under applicable New Mexico law as a matter of right, the Court finds, for purposes of computing the amount of pre-judgment interest, that such interest can only accrue from September 12, 2003, the date M 2000 filed its

complaint in state court, through August 15, 2004, the day immediately preceding the date NMGA filed its voluntary petition under Chapter 11 of the Bankruptcy Code. *See* 11 U.S.C. § 502(b) (amount of claim is to be determined "as of the date of the filing of the petition"). M 2000 has offered no evidence of its costs or reasonable attorneys' fees incurred in connection with this adversary proceeding, nor has it raised any grounds upon which such an award would be proper.

Based on the foregoing, the Court concludes that M 2000 is entitled to an unsecured claim against the bankruptcy estate of NMGA in the amount of 50,000.00, plus pre-judgment interest at the rate of 8.75% from September 12, 2003 through August 15, 2004. M 2000's request for costs and attorneys' fees will be denied. This Memorandum constitutes the Court's findings of fact and conclusions of law entered in accordance with Rule 7052, Fed.R.Bankr.P. A judgment will be entered in accordance with this Memorandum.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

William J. Waggoner
Attorney for Plaintiff
529 W San Francisco
Santa Fe, NM 87501 -1838

R. Thomas Dawe
Attorney for Defendant
PO Box 1027
Albuquerque, NM 87103 -1027

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

7